IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60633
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BERNARD SANGS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:97-CR-96-4-S-B
--------------------
May 5, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bernard Sangs (federal prisoner #10671-042) appeals the district court's order denying his motion for new trial premised on newly discovered evidence of juror misconduct. Sangs has moved for leave to file an out-of-time reply brief, which is GRANTED. Sangs has also moved for leave to supplement the record, which is DENIED. See Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1174 (5th Cir. 1985).

In his appellate brief, Sangs argues that the district court erred in denying his motion for new trial without conducting an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary hearing.  Sangs, however, failed to show that Patricia Thomas, one of the jurors at his trial, answered a material question dishonestly at voir dire or that a correct response at voir dire would have provided a valid basis to challenge her for cause.  See United States v. Doke, 171 F.3d 240, 246 (5th Cir.), cert. denied, 120 S. Ct. 250 (1999).  Sangs also failed to make a colorable showing that an extrinsic influence tainted the jury's deliberations.  See United States v. Kelley, 140 F.3d 596, 608 (5th Cir.), cert. denied, 119 S. Ct. 186, 247 (1998).  Accordingly, the district court did not abuse its discretion in denying Sangs' motion for new trial without an evidentiary hearing.  United States v. Jobe, 101 F.3d 1046, 1057-58 (5th Cir. 1996).

AFFIRMED.